[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff wife, 28, whose birth name is Kappur, and the defendant husband, 31, married on May 26, 1990 in Watertown, Connecticut. Jurisdiction is based on the plaintiff's continuous residence in Connecticut for a year immediately prior to the filing of this action for custody, child support and spousal support, returnable to March 18, 1997. The action was amended on April 9, 1997 to pray for a dissolution of marriage and other relief, (102).
Four children have been born to the parties:
 Malika, d.o.b. June 18, 1991[1]
Jyotsna d.o.b. August 11, 1992 Rachel d.o.b. November 2, 1993 Dawn d.o.b. January 31, 1995
No other child has been born to the plaintiff since the marriage to the defendant.
The initial litigation between these parties was begun by the plaintiff who obtained an ex-parte relief from abuse order issued on September 9, 1996 and continued by agreement of the parties who entered into a written agreement submitted to and approved by the court on September 20, 1996.[2] The agreement included the following provision:
 "The husband will continue to pay the rent at 22 Beal Street, Stamford, CT, and the husband will provide the wife with money for food in the amount of $100/wk, starting Wednesday, September 25, 1996."
Both parties were represented by counsel at the hearing. No financial affidavits were submitted to the court at the hearing nor was any testimony taken. CT Page 548
The plaintiff brought an application to show cause the defendant should not be held in contempt for failure to pay the court orders, which was heard on March 10, 1997. The court ordered the rental payments and the $100 weekly payments terminated as of the end of February, 1997. The court found an arrears of 16 weeks unpaid on the weekly order and $3,800 unpaid rent net a payment of $1,400 made on the hearing date. The remaining $5,400 arrears was ordered liquidated at the rate of $100 weekly. The remaining portions of the restraining order were extended for six months from March 10, 1997 and further extensions, with modifications concerning visitation, were ordered, the most recent ordered on September 29, 1998.
A support petition was brought by the Commissioner of Social Services on behalf of the plaintiff summoning the defendant to the Family Support Magistrate Division on February 27, 1997.[3]
On that date the Family Support Magistrate entered an order of $303 weekly payable to the State of Connecticut. The plaintiff was unemployed, was receiving assistance from the state, and the order was based on a net income of zero for plaintiff and $622.52 for the defendant. The order then added $39.39 payment on arrears, finding an arrears as follows:
 "26. Past Due (not ordered) $4,545."
However, the withholding order served on the defendant's employer was for $303. A subsequent hearing was held on April 3, 1997. The defendant did not appear. The Magistrate entered an arrearage due the State of $1,818, vacated the "temporary" orders, deviated from the support guideline without citing the basis, ordered $450 weekly current order, $50 on the arrears of $2,400 and $5 on the state's arrears of $1,818 as of April 3, 1997. A new withholding order was served on the defendant's employer for a total withholding order of $505.
The plaintiff moved to modify, citing the defendant to appear on July 2, 1998 before the Magistrate. The defendant failed to appear although the constable testified under oath he made in hand service on the defendant. The Magistrate then entered the following orders:
$523 guidelines amount of current support; 147 additional for daycare expenses as a deviation; $670 Total current order. CT Page 549
The new order was made retroactive to June 20, 1998. An arrearage of $3,199.71 was found due the plaintiff as of July 1, 1998, and also found was an arrearage of $1,109.55 due to the State as of July 1, 1998. The defendant was ordered to pay $50 weekly to plaintiff in reduction of her arrears and $5 weekly to the State in reduction of its arrears. A new wage withholding order was entered for $725. Adjustments were not made for the retroactive period. The constable's charges of $28.52 were ordered paid within 30 days.
The plaintiff, who enjoys good health, has a bachelor's degree in electrical engineering and a master's degree in computer science. She is currently employed by Pitney Bowes earning $800 gross weekly wage and, after mandatory deductions, $698.28 net weekly. The plaintiff's day care costs in effect since last September average $248.75 since the plaintiff requires assistance in the morning and again after school. The three older children are put on the school bus by the day care person since the plaintiff leaves for work at 7:00 a.m. The youngest is then brought to the day care center. These services costs $100 weekly. The three older children then go from school to the YMCA "school's out" program which costs $105 weekly. The day care for the youngest costs $43.75 weekly. School holidays add $11.50 per child or $34.50. The court concludes a reasonable average for unreimbursed day care is $282 since the plaintiff testified, without contradiction, that there are 32 holidays during the school year.
The defendant, who enjoys good health, has completed two years of college in computer sciences. He is currently employed by New York Life Insurance Company as an engineer. He began on February 9, 1997 at a salary of $90,000 at which time he received a lump sum advance of $10,000 in addition to his salary which is deemed earned over a two year period ending on February 8, 1999, (Plaintiff's Exhibit #1). He provides medical insurance coverage through his employer's group plan, at a cost of $18 weekly, for himself and his children. His mandatory deductions, including an adjustment to reflect a more appropriate withholding amount for I.R.S. of $398, total; $646 leaving a net weekly income of $1,085.
The child support guidelines allow a deduction for unreimbursed work-related child day care costs, §46b-215a-1(1)(E) Regulations p. 1. The parties combined net weekly CT Page 550 income is $1,501 arrived at by adding the plaintiff's net of $416.28 and the defendant's net of $1,085. Allocated, the defendant's share is 72% of $568 or $409 payable by the defendant to the plaintiff weekly as current child support for four children. The court rounds the number to $410.
The arrears payment is 20% of $410 or $82 to the plaintiff and an additional $5.00 to the state. The total weekly payment is $497 due from the defendant.
The parties had very different versions of the friction that developed between them. The plaintiff's testimony is found by the court to be less than direct, but the defendant's behavior as well as his testimony also was less than direct. The court finds credibility became a casualty in the contest between these combatants. Both parties contributed to the breakdown of the marriage. The plaintiff has declared bankruptcy and it is represented to the court that the defendant also intends to do so. Therefore, the court will not enter any orders regarding the parties' liabilities. There are no assets of any value.
Having reviewed the evidence in light of the statutory criteria found in § 46b-81 and § 46b-82 as well as relevant case law, the court enters the following decree.
1. Judgment is entered dissolving the marriage on the ground of irretrievable breakdown. Each party is declared unmarried.
2. Joint legal custody of the children is ordered with residence with the plaintiff and reasonable visitation awarded the defendant. If the parties are unable to agree upon a schedule for visitation, the parties shall mediate with Family Relations. If still not resolved, either party may move the court for a structured visitation order.
3. The plaintiff is awarded $1.00 per year periodic alimony payable by the defendant until the death of either party, the plaintiff's remarriage, future court order or June 1, 2011 at which time the periodic alimony shall expire in any event. The provisions of § 46b-86 apply to this order.
4. The defendant is ordered to pay current child support weekly of $410. All earlier orders for child support are terminated. CT Page 551
The court finds an arrears of child support due plaintiff from defendant of $4,796.87 as of November 6, 1998. The court finds an arrears of $1,109.55 due the State of Connecticut from defendant also as of said date, (State's Exhibit II, copy attached hereto for reference).
The defendant shall pay $50 weekly to plaintiff in reduction of the arrears due her and he shall pay $5.00 weekly to the State in reduction of the arrears due it.
To secure payment of the child support orders an immediate wage withholding is ordered, modified to reflect the foregoing orders.
5. Each party shall retain any assets now owned from any claim by the other party.
6. The defendant shall continue to insure the children through his employer's available medical coverages at his sole expense. The parties shall divide equally any uninsured bill balances. The provisions of § 46b-84(d) apply to this order.
7. The constable's fees of $28.52 ordered paid by Magistrate Reynolds by order issued July 2, 1998 shall be paid immediately if still unpaid by defendant.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.